UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                          :
C. PAUL TYBOROWSKI,                       :
                          :
                Plaintiff,           :
                          :    06 Civ. 3806 (GEL)
   -against-                       :
                          :    **OPINION AND ORDER**
RETIREMENT SYSTEM GROUP INC.,    :
SUNRISE SERVICES CORP., and RSGROUP  :
HOLDINGS, INC.                     :
                          :
                Defendants.      :
                          :
------------------------------------------------------------x

Christopher A. D'Angelo, Vandenberg & Feliu, LLP, New York, New York, for Plaintiff.

Neil G. Sparber and Kristen M. Kapoor, Fulbright & Jaworski L.L.P, New York, New York, for Defendants.

GERARD E. LYNCH, District Judge:

       In this action for breach of contract, defendants move to dismiss either the first or the second of two claims for relief asserted by plaintiff. The motion will be denied.

       Plaintiff, the former president and CEO of defendant Retirement System Group, Inc., sues for breach of contract, alleging in the first count that he terminated his employment for "good reason," and in the second count that he was fired by defendants without "cause." Plaintiff asserts that in either case, he would be entitled under his employment contract to the payment of certain severance benefits which defendants have allegedly refused to pay. Defendants argue that one or the other of these inconsistent claims must be dismissed.

The Federal Rules of Civil Procedure specifically authorize a party to "state as many separate claims or defenses as the party has regardless of consistency." Fed. R. Civ. P. 8(e)(2). Defendants argue that because both claims for relief assert the breach of the same contract, they are really the same claim, and invoke cases holding that a plaintiff may not plead inconsistent facts in support of the same claim for relief. See, e.g., In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001); Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 175 F. Supp. 2d 489, 492 (S.D.N.Y. 2000). The parties then engage in a delightful but ultimately unrevealing theoretical debate about whether plaintiff is asserting one claim or two. This debate is somewhat beside the point, because while plaintiff advances two inconsistent legal theories of recovery, he does not actually assert any inconsistent facts.

In connection with his first cause of action, plaintiff asserts that on or about December 29, 2005, he delivered and emailed a communication to defendants. (Compl. ¶ 19.) This may or may not turn out to be true, but plaintiff presumably knows what he did, and he would be hard put to deny at some later point in the litigation, and he does not deny in connection with his second cause of action, the purely factual component of this allegation. However, whether that communication operated as an effective "notice of termination," as plaintiff contends in his first claim (id.), or whether plaintiff remained employed until a few days later, when he alleges in his second claim that defendants falsely announced his resignation (Compl. ¶ 28), is a subtler question.

Whether an employee quit or was fired is often a disputable conclusion, about which reasonable people may differ even if the underlying facts are not in question. There is thus nothing improper about plaintiff attempting to protect himself by arguing in the alternative that

since (in his view) defendant was in either case in the wrong, he is entitled to prevail regardless of whether a court ultimately concludes that he quit or was fired.

As the Federal Rules require only notice pleading, the complaint is not required to, nor does it, set forth the text of plaintiff's December 29 communication, or otherwise explain in detail the basis for either conclusion. The Federal Rules provide discovery mechanisms by which the parties can develop the necessary facts and learn each other's ultimate contentions. At this stage in the litigation, it would not be an efficient use of judicial resources, and it is not the Court's role under the Federal Rules, to further explore what actually happened, to determine the legal effect of the alleged communication, or to decide whether the parties will ultimately be fighting over whether plaintiff had "good reason" to quit or over whether defendants had "cause" to fire him. For now, the Rules permit plaintiff to juggle both theories.

Accordingly, defendants' motion is denied.

SO ORDERED.

Dated: New York, New York
September 1, 2006

_____
GERARD E. LYNCH
United States District Judge